### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARKETGRAPHICS RESEARCH GROUP, INC.,** | ) ) ) | |
| **Appellant,** | ) ) | |
| **v.** | ) ) | **NO. 3:16-cv-01191** **JUDGE CRENSHAW** |
| **DAVID PETER BERGE,** | ) ) ) | |
| **Appellee.** | ) | |

### MEMORANDUM AND ORDER

MarketGraphics Research Group, Inc. ("MarketGraphics") appeals the United States Bankruptcy Court for the Middle District of Tennessee's ruling that David Peter Berge's debt to MarketGraphics is dischargeable under Chapter 7 of the Bankruptcy Act. The sole issue on appeal is whether the injury Berge caused MarketGraphics was "malicious" within the meaning of 11 U.S.C. § 523(a)(6). The Court has reviewed the record and determined that oral argument is not necessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FED. R. BANK. P. 8019(b)(3); LR 81.01(b). For the following reasons, the judgment of the Bankruptcy Court is **AFFIRMED IN PART and VACATED IN PART**, and this case is **REMANDED** to the Bankruptcy Court for further proceedings.

I.  FACTS AND PROCEDURAL HISTORY

Donald Berge, with the assistance of his son David Berge, worked as a licensee for MarketGraphics from 1997 to 2012. MarketGraphics Research Grp., Inc. v. Berge, No. 3:13-cv-00001, 2014 WL 2155009, at *1 (M.D. Tenn. May 22, 2014). During this period, Donald Berge had "access to confidential information related to MarketGraphics' business, he received

specialized training in MarketGraphics' proprietary systems, and Memphis-area customers came to associate him with MarketGraphics' business." Id. MarketGraphics had "(1) a valid, enforceable, and registered copyright in the Memphis Works (reports to Memphis-area customers), and (2) a protectable business interest in its Memphis clients." Id.

In September 28, 2012, Donald and David Berge left MarketGraphics and opened a competing business that provided essentially the same services as MarketGraphics. Id. As a result of actions by the competing business, MarketGraphics filed suit against Donald and David Berge, as well as other defendants, alleging (1) copyright infringement of the Memphis Works; (2) copyright infringement of website images; (3) trademark infringement; (4) cybersquatting as to marketgraphics.net; (5) cybersquatting as to marketgraphicsofmemphis.com; (6) unfair competition; (7) breach of contract; (8) breach of covenant not to compete; (9) breach of covenant of good faith and fair dealing; (10) violation of the Tennessee Consumer Protection Act; (11) interference with business relations; and (12) conspiracy. MarketGraphics Research Grp., Inc. v. Berge, No. 3:13-cv-00001, ECF No. 1 (M.D. Tenn. Jan. 2, 2013).

On August 22, 2013, the Honorable Aleta A. Trauger entered judgment in favor of MarketGraphics against David Berge in the amount of $332,314.94, jointly and severally with three other defendants. MarketGraphics Research Grp., Inc. v. Berge, No. 3:13-cv-00001, ECF No. 64 (M.D. Tenn. Aug. 22, 2013). The court found that David Berge "willfully or knowingly violated the Tennessee Consumer Protection Act." Id. at 2. It further found that David Berge's copyright infringement was "willful." Id. at 8.

On August 30, 2013, David Berge filed for Chapter 7 bankruptcy. In re David Peter Berge, No. 3:13-bk-07626, ECF No. 1 (Bankr. M.D. Tenn. Aug. 30, 2013). In order to collect its judgment, on October 22, 2013, MarketGraphics filed an adversarial suit in the United States

Bankruptcy Court for the Middle District of Tennessee, alleging that David Berge's debt to it is nondischargeable under 11 U.S.C. § 523(a)(6). <u>MarketGraphics Research Grp., Inc. v. Berge</u>, No. 3:13-ap-90400, ECF No. 1 (Bankr. M.D. Tenn. Oct. 22, 2013).

On August 11, 2014, MarketGraphics moved for summary judgment in the adversarial case, alleging that all elements are issue precluded by Judge Trauger's judgment. <u>Id.</u> at ECF No. 49 (Aug. 11, 2014). On September 30, 2014, the Bankruptcy Court denied the motion. <u>Id.</u> at ECF No. 61 (Sept. 30, 2014). It found that Judge Trauger's judgment determined that David Berge "willfully" caused an injury, but did not make any finding of malice. <u>Id.</u> at 6. MarketGraphics appealed that ruling to this District, which the Honorable William J. Haynes, Jr. dismissed. <u>MarketGraphics Research Grp., Inc. v. Berge</u>, No. 3:14-cv-02027, ECF No. 11 (M.D. Tenn. Feb. 20, 2015). MarketGraphics attempted to appeal to the United States Court of Appeals for the Sixth Circuit, but the court dismissed its appeal. <u>MarketGraphics Research Grp., Inc. v. Berge</u>, No. 15-5477, ECF No. 8 (May 8, 2015).

On March 31, 2016, the Bankruptcy Court conducted a trial in the adversary proceeding. (Doc. No. 14.) On May 19, 2016, the Bankruptcy Court dismissed the action, finding David Berge's debt to be dischargeable. (Doc. No. 1-3.) The court found that "the only issue at trial was whether the debtor acted with malice." (Doc. No. 1-2 at 3.) The court found David Berge to be "very credible" and that he was "merely a son who worked for his father and believed what his father told him." (<u>Id.</u>) Thus, the court found no "malicious intent in that . . . not all the elements of 11 U.S.C. § 523(a)(6) have been proven." (<u>Id.</u>) MarketGraphics appeals that finding to the Court. (Doc. No. 1.)

## II.     STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's conclusions of law de novo, and examines its findings of fact for clear error. In re Dilworth, 560 F.3d 562, 563 (6th Cir. 2009) (citing In re Copper, 426 F.3d 810, 812 (6th Cir. 2005)). The factual finding that an obligation constitutes a nondischargeable debt is reviewed for clear error. Sorah v. Sorah (In re Sorah), 163 F.3d 397, 400 (6th Cir. 1998). Discharge exceptions are narrowly construed in favor of the debtor, and the creditor must prove by a preponderance of the evidence that a discharge exception applies. Meyers v. I.R.S. (In re Meyers), 196 F.3d 622, 624 (6th Cir. 1999).

## III.     ANALYSIS

The Bankruptcy Court held that "the only issue at trial was whether the debtor acted with malice." (Doc. No. 1-2 at 3.) MarketGraphics argues that the Bankruptcy Court used the incorrect standard in determining whether David Berge acted with malice. (Doc. No. 15 at 46.) It further argues that the David Berge's trial testimony conclusively shows that he acted with malice, and the Court therefore should enter judgment for MarketGraphics. (Id. at 53-75.) David Berge argues that the Bankruptcy Court's judgment is correct. (Doc. No. 17.)

### A.   THE STANDARD

A Chapter 7 bankruptcy does not discharge a debtor from any debt "for willful and malicious injury to another entity or to the property of another entity . . . ." 11 U.S.C. § 523(a)(6). For § 523(a)(6) to apply, a debtor must (1) "will or desire harm[;]" or (2) "believe injury is substantially certain to occur as a result of his behavior." Sanderson Farms, Inc. v. Gasbarro, 299 Fed. Appx. 499, 504 (6th Cir. 2008) (quoting Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 465 n.10 (6th Cir. 1999)). This limits the exception to debts "based on what the law has for

generations called an intentional tort." Kawaauhau v. Geiger, 523 U.S. 57, 60 (1998) (quoting In re Geiger, 113 F.3d 848, 852 (8th Cir. 1997) (en banc)).

The "willful and malicious" standard in § 523(a)(6) has evolved. In the 1980s, the Sixth Circuit determined that "willful" means "an intentional act that results in injury," Perkins v. Scharffe, 817 F.2d 392, 393 (6th Cir. 1987), and "malicious" means "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986). In 1993, the United States Supreme Court overturned Perkins, holding that a "willful and malicious injury" only covers "acts done with the actual intent to cause injury . . . ." Geiger, 523 U.S. at 61. In 1999, the Sixth Circuit applied Gieger in In re Markowitz, stating that "the judgment must be for an injury that is both willful and malicious. The absence of one creates a dischargeable debt." In re Markowitz, 190 F.3d at 463. It held that unless "the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it, . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." Id. at 464 (citing Restatement (2d) of Torts § 8A, at 15 (1964)).

In 2001, Sixth Circuit explicitly stated that Geiger overruled both Perkins and Wheeler, although it did not state whether it only overturned the definition of "willful" in both opinions or if it also overturned the definition of "malicious" in Wheeler. In re Kennedy, 249 F.3d 576, 580 (6th Cir. 2001). The parties have not identified a case since In re Kennedy where the Sixth Circuit cited Wheeler favorably or even used a separate test for "malicious" outside the test it articulated in In re Markowitz. See In re Brown, 489 Fed. Appx. 890, 895 (6th Cir. 2012) (to find "willful and malicious injury," the Bankruptcy Court must determine whether the debtor "(1) intended to cause injury to the Creditor or the Creditor's property, or (2) engaged in an intentional act from which

the Debtor believed injury would be substantially certain to result.") (quoting <u>In re Sweeney</u>, 264 B.R. 866, 871 (Bankr. W.D. Ky. 2001)); <u>In re Musilli</u>, 379 Fed. Appx. 494, 498 (6th Cir. 2010) ("For the discharge exception under § 523(a)(6) to apply, a debtor must: (1) 'will or desire harm[;]' or (2) 'believe injury is substantially certain to occur as a result of his behavior.") (quoting <u>In re Markowitz</u>, 190 F.3d at 465 n.10); <u>Sanderson Farms, Inc. v. Gasbarro</u>, 299 Fed. Appx. 499, 504 (6th Cir. 2008) (same); <u>McGee v. Marcum</u>, 184 Fed. Appx. 464, 467 (6th Cir. 2006) (applying the standard from <u>In re Markowitz</u>); <u>In re Best</u>, 109 Fed. Appx. 1, 5 (6th Cir. 2004) ("[U]nless the actor desires to cause [the] consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a willful and malicious injury as defined under § 523(a)(6).") (quoting <u>In re Kennedy</u>, 246 F.3d at 580); <u>In re Romano</u>, 59 Fed. Appx. 709, 715 (6th Cir. 2003) ("The Sixth Circuit has interpreted [§ 523(a)(6)] to mean that the debtor must have desired to cause the consequences of her act, or believed that the consequences are substantially certain to result from it.") (citing <u>In re Markowitz</u>, 190 F.3d at 464). From the post-<u>In re Markowitz</u> cases, the Sixth Circuit has appeared to apply one single test for whether an injury was "willful and malicious" rather than considering "willful" and "malicious" as separate elements.

This approach is consistent with the Supreme Court's holding in <u>Geiger</u>, which considered the scope of the "willful and malicious injury" exception of § 523(a)(6). 523 U.S. at 61. The Supreme Court did not state that it was only considering the "willful" element of the exception; it repeatedly stated that it was defining a "willful and malicious injury." <u>Id.</u> at 61 ("We confront this pivotal question concerning the scope of the 'willful and malicious injury' exception . . . ."), 63 (discussing another case that examined "willful and malicious injuries to the person or property of another."), and 64 ("Negligent or reckless acts, the Court held, do not suffice to establish that a

resulting injury is 'willful and malicious.'"). The United States Court of Appeals for the Fifth Circuit agreed, and held that "willful and malicious" is a "unitary concept," defined as "acts done with the actual intent to cause injury." In re Miller, 156 F.3d 598, 606 (5th Cir. 1998) (quoting Geiger, 523 U.S. at 58). The Court believes the Sixth Circuit's approach is consistent with Geiger and the Fifth Circuit's, and the In re Markowitz test analyzes "willful and malicious" rather than only the "willful" element.[1]

Admittedly, the Bankruptcy Court's application of Wheeler's definition of "malicious" is reasonable. In re Markowitz, which implemented Geiger in the Sixth Circuit's jurisprudence, explicitly held that "willful" and "malicious" are separate and distinct elements with different tests. In re Markowitz, 190 F.3d at 463. This approach is consistent with the approach adopted by the United States Courts of Appeals for the Eighth and Ninth Circuits. See In re Barboza, 545 F.3d 702, 711 (9th Cir. 2008) (citing In re Su, 290 F.3d 1140, 1146-47 (9th Cir. 2002)); In re Porter, 375 B.R. 822, 827 (8th Cir. 2007) (citing Johnson v. Miera, 926 F.2d 741, 743 (8th Cir. 1991)).[2] However, as In re Markowitz and subsequent cases held that the debtor must (1) will or desire harm, or (2) believe injury is substantially certain to occur as a result of his behavior, that is the standard that the Court applies today.

_____

[1] Despite the signaling of the Sixth Circuit that it is applying Geiger's test to "willful and malicious," multiple non-binding opinions by courts within the Sixth Circuit continue to apply Wheeler's test for "malicious." The Court is not persuaded by these cases because they apply Wheeler's test for "malicious" without analyzing the subsequent rulings that place doubt on Wheeler's applicability. See Yeager v. Wilmers, 553 B.R. 102, 107 (S.D. Ohio 2015); Eaton v. Ford Motor Credit Co., No. 3:11-cv-1029, 2012 WL 3579644, at *3 (M.D. Tenn. Aug. 17, 2012); In re Cottingham, 473 B.R. 703, 709 (B.A.P. 6th Cir. 2012); In re Trantham, 304 B.R. 298, 308 (B.A.P. 2004); In re Moffitt, 252 B.R. 916, 923 (B.A.P. 6th Cir. 2000).

[2] A full discussion of the circuit split on "willful and malicious" is described in Jendusa-Nicolai v. Larsen, 677 F.3d 320, 323 (7th Cir. 2012). Even in this opinion, the Seventh Circuit is unclear what the Sixth Circuit applies as its standard. See id. (noting that the Sixth Circuit did not question the definition in Wheeler in Markowitz, but still held that the debtor "must will or desire harm, or believe injury is substantially certain to occur as a result of his behavior."). The Seventh Circuit further noted that the Eleventh Circuit continues to apply a formula almost identical to Wheeler in its "willful and malicious" jurisprudence. Id. (citing Maxfield v. Jennings, 670 F.3d 1329, 1334 (11th Cir. 2012)).

B. THE APPLICATION

Although the Bankruptcy Court followed its precedent and applied the incorrect standard, its factual findings are sufficient for the Court to determine that David Berge cause a willful and malicious injury to MarketGraphics under § 523(a)(6). The Bankruptcy Court found that "MarketGraphics has failed to show that [David Berge] acted with the desire to harm MarketGraphics or that he believed injury was substantially certain." This finding is not in clear error. MarketGraphics argues that the Bankruptcy Court applied a "just cause or excuse" exception to § 523(a)(6), but that language is nowhere in the Bankruptcy Court's opinion. Rather, David Berge did not intend to cause injury as required by Geiger, In re Markowitz, and all subsequent opinions. Thus, the Bankruptcy Court's factual determination is not in clear error, and its holding is affirmed.

The Court must still remand this case to the Bankruptcy Court to determine the matter of issue preclusion on first impression. In its prior issue preclusion decision, the Bankruptcy Court held that the "debtor concedes that the District Court judgment is entitled to collateral estoppel as to the elements of 11 U.S.C. § 523(a)(6) with the exception of malice." MarketGraphics v. Berge (In re Berge), 2014 WL 4929423, at *1. It found that MarketGraphics was not entitled to collateral estoppel because "the District Court did not make a finding of malice . . . ." Id. at *3. It did not make a finding of whether the District Court's judgment held that David Berge: (1) "will[ed] or desire[ed] harm[;]" or (2) "believe[d] injury is substantially certain to occur as a result of his behavior." As such, the Court remands this case to the Bankruptcy Court to decide this issue on the first instance.

IV.     CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court is **AFFIRMED IN PART** with respect to its factual finding that David Berge did not cause a "willful or malicious" injury to MarketGraphics, **VACATED IN PART** with respect to its collateral estoppel holding, and **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

IT IS SO ORDERED.


WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE